Gary E. Thompson Linn County Counselor P. O. Box 184 Mound City, Kansas 66056
Dear Mr. Thompson:
As Linn County Counselor, you request our opinion regarding issues related to the procedure for calling and conducting an election in which voters will determine the status of a city. Specifically, you ask:
 1. Whether a petition authorized under K.S.A. 15-111
must comply with the requirements of K.S.A. 25-3601 et seq.;
 2. whether a petition authorized under K.S.A. 15-111
is filed with the county election officer or the city council;
 3. how the number of signatures required on the petition authorized under K.S.A. 15-111 is to be determined;
 4. how an election called after the filing of a valid petition authorized under K.S.A. 15-111 is to be conducted; and
 5. whether the ballots cast in the election are to be counted by the city council.
The City of Linn Valley is a city of the third class. Residents of the City have circulated a petition seeking to bring before the electorate a question regarding whether the City should be dissolved. The petition is ready to be filed. At this point, questions regarding the procedure to be followed in calling and conducting the election have been raised.
Cities of the third class are cities having a population of not more than two thousand inhabitants and are governed pursuant to K.S.A. 15-101et seq.[1] Electors of a city of the third class are given the authority to vote on the status of the city.
 "On the petition of a majority of the legal voters of any . . . city of the third class . . . , it shall be the duty of the council of such city, within ten days after the filing of such petition, to order an election by the legal voters of such city, to determine whether such city shall remain a city . . . , or be dissolved as a corporate body, and remitted to the conditions of being part of the township in which such city shall be.
 "The election shall be conducted like other elections, and the ballots shall have written or printed thereon: `For a city,' or `Against a city,' and within three days after the election said ballots shall be counted by the city council, and the result recorded; and if a two-thirds majority of the legal votes shall be against the city, then the city shall thenceforth cease to exist, and the territory embraced within the city limits shall thenceforth be a part of the township in which said city was located, and governed in every respect under the general township laws. . . ."[2]
The statute recognizes that a petition seeking to bring before the electorate a question regarding dissolution of a city of the third class may be filed, but does not fully establish all the requirements to be met in filing such a petition.
 "(a) Subject to the provisions of subsection (d), if a petition is required or authorized as a part of the procedure applicable to the state as a whole or any legislative election district or to any county, city, school district or other municipality, or part thereof, the provisions of K.S.A. 25-3601 et seq., and amendments thereto, shall apply.
. . . .
 "(d) When any other statute imposes specific requirements which are different from the requirements imposed by K.S.A. 25-3601 et seq. and amendments thereto, the provisions of the specific statute shall control."[3]
 "Therefore, a petition seeking to bring an issue before the electorate must meet the requirements of K.S.A. 25-3601 et seq. as well as any requirements set forth in the statute authorizing the petition, except to the extent there is a conflict."[4] A petition recognized under K.S.A. 15-111 must comply with the provisions of K.S.A. 25-3601 et seq., unless K.S.A. 15-111
imposes specific requirements that conflict with K.S.A. 25-3601 et seq.
The documents composing the petition authorized under K.S.A. 15-111
"shall be filed with the county election officer or other official, if another official is designated in the applicable statutes."[5] K.S.A.15-111 does not designate an official with whom a petition authorized under the statute is to be filed. Therefore, a petition seeking to bring before the electorate a question regarding the dissolution of a city of the third class pursuant to K.S.A. 15-111 is to be filed with the county election officer of the county in which the city is located.[6]
In order to be a valid petition under K.S.A. 15-111, the petition must be signed by "a majority of the legal voters" of the city.[7] The statute does not designate the date on which the county election officer may look to determine how many residents of the city are registered to vote. Initially, subsection (f) of K.S.A. 25-3602, as amended, appears to provide the necessary date.
 "When a petition requires signatures equal in number to a percentage of the total number of registered voters, such percentage shall be based on the most recent number of registered voters as certified to the office of the secretary of state pursuant to subsection (f) of K.S.A. 25-2311, and amendments thereto."[8]
This provision was added to the statute in the same legislative bill in which subsection (f) was added to K.S.A. 25-2311.[9] At the time of enactment, subsection (f) of K.S.A. 25-2311 obligated each county election officer to "certify to the secretary of state the number of registered voters in each precinct of the county as shown by the registration books in the office of such county election officer" at those times prescribed in K.S.A. 25-2311 and by the Secretary of State.[10] In 1996, K.S.A. 25-2311 was amended such that subsection (f) of the statute became subsection (g).[11] The language contained in the subsection remained unchanged.
 "The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs where that intent can be ascertained."[12] "Where the language used is clear and the meaning is subject to but one interpretation, an appellate court applies the expressed intent of the legislature."[13] However, "[w]here the face of the statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested."[14]
"There is a presumption that the legislature does not intend to enact useless or meaningless legislation."[15]
Given the historical background of the enactment of subsections (f) and (g) of K.S.A. 25-2311 and subsection (f) of K.S.A. 25-3602, as amended, we believe it is the intent of the Legislature that, when the number of signatures required on a petition is based on a designated percentage of registered voters, the number of signatures required on a petition is based on the number of registered voters as certified by the county election officer to the Secretary of State. Therefore, a petition submitted pursuant to K.S.A. 15-111 and 25-3601 et seq. must include signatures equal in number to not less than a majority of the latest voter registration certified by the county election officer to the Secretary of State.
As previously noted, K.S.A. 25-3601 et seq. are applicable to the petitioning procedure authorized in K.S.A. 15-111.
 "Unless the governing body of the political or taxing subdivision in which the election is sought to be held authorizes a special election, all elections which are called as a result of the filing of a sufficient petition shall be held at the next succeeding primary or general election as defined by K.S.A. 25-2502, and amendments thereto, in which the political or taxing subdivision is participating."[16]
The definitions in K.S.A. 25-2502 state:
 "(a) `General election' means the election held on the Tuesday succeeding the first Monday in November of even-numbered years, the elections held for officers on the first Tuesday in April, and in the case of special elections of any officers to fill vacancies, the election at which any such officer is finally elected.
 "(b) `Primary election' means the election held on the first Tuesday in August of even-numbered years, the election held five weeks preceding the election on the first Tuesday in April, and any other preliminary election at which part of the candidates for special election to any national, state, county, township, city or school office are eliminated by the process of the election but at which no officer is finally elected."
K.S.A. 15-111 does not establish the date on which an election is to be held,[17] nor does it expressly authorize the city's governing body to call a special election for the purpose of submitting the question to the voters.[18] Therefore, as provided in subsection (e) of K.S.A. 25-3602, as amended, the election is to be held at the next succeeding primary or general election, as defined by K.S.A. 25-2502, in which the city is participating.
Pursuant to K.S.A. 15-111, an election at which a question regarding dissolution of a city of the third class is submitted to the electorate "shall be conducted like other elections. . . ." Statutes regarding the conduct of elections in general are set forth in Chapter 25 of the Kansas Statutes Annotated. Statutes dictating the manner in which a question submitted election is to be conducted are included within the chapter. "`Question submitted election' means any election at which a special question is to be voted on by the electors of the state or a part of them."[19] It appears state statutes do not provide any other procedure for conducting an election at which a question regarding the status of a city of the third class is submitted to the voters pursuant to K.S.A.15-111 and 25-3601 et seq. As previously noted, statutes are to be construed to avoid unreasonable results, with a presumption that the Legislature does not intend to enact useless or meaningless legislation.[20] Therefore, the provisions in Chapter 25 are to be followed when conducting such an election.
K.S.A. 15-111 specifically states that "within three days after the election said ballots shall be counted by the city council, and the result recorded. . . ." "The fundamental rule [of statutory construction] to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained, and when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be."[21] "Where the language used is clear and the meaning is subject to but one interpretation, an appellate court applies the expressed intent of the legislature."[22] "[A]s a general rule, specific statutes control over more general ones absent legislative intent otherwise."[23] The obligation to count ballots cast in an election generally falls to the county election officer or persons designated by the county election officer.[24] However, if the election is one in which voters are deciding the status of a city of the third class, the obligation is clearly placed upon the city council. No other interpretation of the provision may be applied. The obligation to count ballots cast in an election called pursuant to K.S.A. 15-111 and 25-3601et seq. is placed upon the city council.
In review, a petition authorized under K.S.A. 15-111 must comply with the provisions of K.S.A. 25-3601 et seq., unless K.S.A. 15-111 imposes specific requirements that conflict with those requirements set forth in K.S.A. 25-3601 et seq. The petition is to be filed with the county election officer of the county in which the city is located and must include signatures equal in number to not less than a majority of the latest voter registration certified to the Secretary of State by the county election officer. The election at which a question regarding the status of a city of the third class is submitted to the electorate pursuant to K.S.A. 15-111 and 25-3601 et seq. is to be held at the next succeeding primary or general election as defined by K.S.A. 25-2502 in which the city is participating. The provisions in Chapter 25 of the Kansas Statutes Annotated are to be followed when conducting such an election, however, the obligation to count ballots cast in the election is placed upon the city council.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 15-101.
[2] K.S.A. 15-111.
[3] K.S.A. 25-3601, as amended by L. 2001, Ch. 141, § 1.
[4] Attorney General Opinion No. 2000-29.
[5] K.S.A. 25-3602(a), as amended by L. 2001, Ch. 211, § 8.
[6] Id.
[7] K.S.A. 15-111.
[8] K.S.A. 25-3602(f), as amended.
[9] See L. 1992, Ch. 194, §§ 3, 5.
[10] L. 1992, Ch. 194, § 5(f).
[11] L. 1996, Ch. 187, § 9(g).
[12] Mitchell v. Liberty Mutual Ins. Co., No. 84,835 (Kan. Sup. Ct. June 8, 2001).
[13] Delaney v. Deere and Co., 268 Kan. 769, 775 (2000).
[14] Robinett v. Haskell Co., 270 Kan. 95, 100 (2000).
[15] Bonanza, Inc. v. Carlson, 269 Kan. 705, 719 (2000), quoting KPERSv. Reimer Koger Assocs., Inc., 262 Kan. 635, 643-44 (1997); Bugner v.Farm Bureau Mut. Ins. Co., No. 84,197 (Kan. Ct. of Appeals January 26, 2001).
[16] K.S.A. 25-3602(e), as amended.
[17] See, e.g., Kan. Const, Art. 12, § 5 ("called within thirty days and held within ninety days after the filing of the petition"); K.S.A. 10-1210 ("to be held not later than sixty days after the filing of such protest or at a regular city election or general election which will occur not sooner than thirty days nor not [sic] later than sixty days after the filing of such protest"); 12-184 ("at the next city or state general or primary election following by not less than sixty (60) days the adoption of such resolution or the certification of such petition"); 12-887 ("election shall be held not more than sixty (60) days after the petition is filed").
[18] See, e.g., K.S.A. 12-302 ("governing body of such city shall call a special election"); 12-631e ("at a special election called for such purpose"); 12-6a15 ("any city . . . may by resolution submit the question . . . at a general or special election called for that purpose"); 12-862 ("governing body of such city shall thereupon submit such proposed project and the proposed bond issue to the electors of such city at a special election to be called for that purpose"); 12-887 ("governing body of such city shall submit such proposition to the electors of such city at a special election to be called and held for that purpose"); 12-1415 ("submitted at a general election or a special election called for that purpose by the governing body of such city").
[19] K.S.A. 25-2503(g).
[20] Bonanza, Inc., supra, note 15.
[21] Robinette, 270 Kan. at 100.
[22] Delaney v. Deere and Co., 268 Kan. 769, 775 (2000).
[23] State v. VanHecke, No. 84,508 (Kan. Ct. of Appeals April 6, 2001). See also State v. Smith, 268 Kan. 222, 231 (1999).
[24] See K.S.A. 25-433(e); 25-2420(d); 25-2808; 25-2810.